### Case No. 12,936.

SLACUM v. SMITH.

[2 Cranch, C. C. 149.] [1]

Circuit Court, District of Columbia. Dec. 9, 1818.

SLAVERY — HIRING AS SEAMAN — FORFEITURE OF WAGES.

The owner of a slave, may hire him as a mariner to the master of a vessel for a foreign voyage, and may authorize the slave to sign the shipping articles, and the owner will be bound thereby; and the wages will be forfeited by any act of the slave, which would forfeit his wages if he were a free man; but his wages are not forfeited by his quitting the vessel after the voyage is ended, and before the cargo is discharged.

Indebitatus assumpsit [by Jane H. Slacum against Amos Smith] for the hire of a slave.

At the trial, it was contended on the part of the defendant, that the slave had forfeited his wages by his misconduct at Lisbon, and by absenting himself. The jury found a special verdict, which was submitted to the court without argument. The special verdict stated, that the plaintiff hired

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 3 Cranch (7 U. S.) 300.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

to the defendant, a negro slave, named David, her property, to serve as a mariner on board the brig Virginia commanded by the defendant on a voyage from Alexandria, D. C., to Lisbon, and thence back to a port in the United States; that in pursuance of the said contract the said slave, with the plaintiff's approbation and consent, subscribed shipping articles for the said voyage, in these words: (The articles were in the usual form, and are omitted.) That the plaintiff received from the defendant $25 for one month's wages in advance. That the brig sailed on the voyage and arrived at Lisbon; and while there the slave was confined nine days in prison, for disorderly conduct, as noted by the proper officer on the brig's log-book. That the brig sailed from Lisbon to New York, where she arrived on the 29th of April, 1813; on which day the said slave absented himself from the said brig, without leave of the master or commanding officer on board, and has not since returned. That entries thereof were made in the log-book on that day, and for three days successively, by the mate having charge of the log-book. That the brig had a cargo which was not discharged at the time of his so absenting himself. That the defendant issued his warrant to apprehend the said slave on the 3d of May, 1813, and that he was apprehended under the said warrant, but again escaped on the same day, and has never returned or been reclaimed. If the law be for the plaintiff, the jury assess the plaintiff's damages at $86; if the law be for the defendant, they find for the defendant.

Mr. Swann, for plaintiff.
Mr. Taylor, for defendant.

CRANCH, Chief Judge. The 1st question is, whether the slave can be considered as a mariner, within the act of congress [2 Stat. 426], or the maritime law, so as to forfeit the wages; and whether the plaintiff is bound by the shipping articles? 2. If so, then are the wages forfeited, either by the disorderly conduct at Lisbon, or by the absenting at New York?

1. The plaintiff was competent to make what contract she pleased. By her assent to his signing the articles, and by receiving the month's wages in advance, under those articles, she bound herself that her slave should conduct himself as a seaman, agreeable to the articles, and under the penalty of the articles and the act of congress. I am of opinion, therefore, that the wages might be forfeited by the act of the slave.

2. Has · there been any act of the slave which would have forfeited his wages if he had been a free man? The jury find that he was confined nine days in prison at Lisbon for disorderly· conduct. It does not appear what was his offence; nor whether he was confined at the request of the master, or of the civil authorities of the place. It does not appear to amount to desertion, and if it did, the forfeiture is waived by receiving him again on board. The absenting himself from the vessel after the voyage was ended, and before the cargo was dis-. charged, is not a forfeiture of wages. See the case of Swift v. The Happy Return [Case No. 13,697].

I therefore think that judgment should be entered up for the plaintiff. Judgment for plaintiff.

THRUSTON, Circuit Judge, dissenting on the first point, and MORSELL, Circuit Judge, dissenting on the second point.